ARYEH KAUFMAN (SBN: 289745)
**LAW OFFICE OF ARYEH KAUFMAN**
5482 Wilshire Blvd. Suite #1907
Los Angeles, CA 90036
P: (323) 943-2566
F: (213) 402-8598
Email: aryeh@akaufmanlegal.com

Attorney for Plaintiff
VIRGIN SCENT, INC d/b/a ART NATURALS

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

VIRGIN SCENT, INC., d/b/a ARTNATURALS., a California corporation,

Plaintiff,

v.

PUREST NATURALS LLC, an entity of unknown type; ELIYAHU COHEN, an individual; HERSEL COHEN, an individual; AKIVA GRUNHUT, an individual; BEL AIR NATURALS CARE CORP, a California corporation; and DOES 1 – 10, inclusive,

Defendants.

Case No.:

**PLAINTIFF'S COMPLAINT FOR:**

1. **COPYRIGHT INFRINGEMENT;**
2. **VICARIOUS AND CONTRIBUTORY COPYRIGHT INFRINGEMENT;**
3. **MISAPPROPRIATION OF TRADE SECRETS UNDER 18 U.S.C. § 1836**
4. **UNFAIR BUSINESS ACTS AND PRACTICES (CAL. BUS. & PROF. CODE §§ 17200 ET SEQ.)**

**DEMAND FOR JURY TRIAL**

Plaintiff, VIRGIN SCENT, INC., d/b/a ARTNATURALS, a California corporation (hereinafter "Art Naturals"), by and through its undersigned attorney, hereby prays to this honorable Court for relief based on the following:

**JURISDICTION AND VENUE**

1. This action arises under the Copyright Act, Title 17 *U.S.C.*, § 101 *et seq*.

2. This Court has Federal Question and Federal subject matter jurisdiction over this matter pursuant to 28 *U.S.C.* § 1331 and 28 *U.S.C.* § 1338(a) and (b) because the case arises out of claims for copyright infringement under 17 *U.S.C.* §§ 101 and 501(a).

3. Venue is proper, *inter alia*, in this Judicial District pursuant to 28 *U.S.C.* §§ 1391 and 1400(a) in that a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this judicial district, one or more defendants may be found and transacts business in this judicial district, and the defendants have caused significant damages to Plaintiff in this judicial district.

**PARTIES**

4. Plaintiff Art Naturals, is a California corporation organized and existing under the laws of the State of California, with its principal place of business in Los Angeles County.

5. Defendant Purest Naturals LLC., is a corporation of unknown type and origins, which upon information and belief is located in Los Angeles County, and is doing business in state of California.

6. Defendant Eliyahu Cohen is an individual residing in Los Angeles County, California, and, upon information and belief, is the part owner, manager, and/or operator of Defendant Purest Naturals LLC.

7. Defendant Hersel Cohen is an individual residing in Los Angeles County, California, and, upon information and belief, is the part owner, manager, and/or operator of Defendant Purest Naturals LLC.

8. Upon information and belief, Defendant Akiva Grunhut is an individual residing in London, England, and is the part owner, manager, and/or operator of Defendant Purest Naturals LLC.

9. Defendant Bel Air Naturals Care Corp., is a California corporation, that upon information and belief is a successor entity to Purest Naturals LLC and is also owned and managed by Defendant Eliyahu Cohen.

10. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants Does 1 through 10, inclusive, are currently unknown to Plaintiff, and Plaintiff therefore sues said Defendants by such fictitious names. Plaintiff intends to amend this Complaint to show the true names and capacities of these Defendants when the same are ascertained.

11. Plaintiff is informed and believes, and on that basis alleges, that at all times mentioned herein, Defendants, including the Doe Defendants, and each of them, were the agents, servants, employees, representatives, partners, subsidiaries, affiliates, or alter-egos of each other, and/or employees of the remaining Defendants, and were at all times herein alleged acting within the full course and scope of such relationship, and with the full knowledge, authorization, consent and ratification, either express or implied, of the other Defendants.

## COMMON FACTUAL ALLEGATIONS

12. Art Naturals is a lifestyle brand that has seen rapid and expansive growth in the beauty and skin care industry since the company's inception in February 2015. The company's products are sold throughout the world, and Art Naturals has differentiated itself with its premium products, its product assortment, and its ability to move quickly into new markets.

13. Art Naturals' most valuable property is its intellectual property. If, as occurred here, its intellectual property is copied or stolen, it permits a competitor to compete with Art Naturals at a fraction of the cost. This undercuts Art Naturals'

position in the market and provides an unjust and unfair advantage to the competitor.

14. On or about December 14, 2016, Art Naturals became aware of a competitor named "Purest Naturals" that was copying every aspect of Art Naturals' business. From their product line and photos of their products, to their actual business model.

15. In May 2016, Art Naturals ordered a special kind of filling machine from a manufacturer in China. On December 20, 2016, Art Naturals received a call from the manufacturer stating that an individual claiming to be from Art Naturals had been attempting to gain information on the machine from the manufacturer, such as arrival date and location, and the exact specifications of the machine. This individual also requested pricing and sought to purchase another machine on Art Naturals' account and credit.

16. Shortly after the disturbing call from the machine manufacturer in China, Art Naturals also discovered that the same individuals were also attempting to gain credit and pricing information from at least three of Art Naturals' main product suppliers in China.

17. At all relevant times hereto, Art Naturals kept their supplier information confidential. Only a few key employees are given supplier information, and only three people at the company knew the identity of the machine manufacturer, or that Art Naturals was even considering purchasing this type of machine in China.

18. Upon further investigation, Art Naturals discovered that the number that made the phone calls to the manufacturer and to Art Naturals' suppliers in China belonged to Eli Cohen.

19. Upon information and belief, Purest Naturals, through its owners Eli Cohen, Hersel Cohen, and Akiva Grunhut, are still using at least one of the

suppliers whose information they obtained through illicit means to unfairly compete against Art Naturals.

20. In addition, and prior to the conduct complained of herein, Art Naturals created dozens of original images for purposes of selling Art Naturals products. Art Naturals refers to these images as "Hero Images." These images were a creation of Plaintiff and Plaintiff's in-house design teams, and are, and at all relevant times were, owned exclusively by Plaintiff.

21. Plaintiff applied for and received a United States Copyright Registration for the Hero Images. The registration was granted Registration No. VAu001259964, with an effective date of December 13, 2016.

22. Prior to the acts of copyright infringement complained of herein, Plaintiff used the Hero Images at issue herein to sell the products depicted in the images on the e-commerce website www.amazon.com (hereinafter "Amazon").

23. On or about January 5, 2017, Plaintiff became aware that Defendants had misappropriated at least two of Plaintiff's Hero Images (hereinafter "Subject Images"), and were selling competing products bearing illegal reproductions and derivations of the Subject Images.

24. Plaintiff is informed and believes, and based thereon alleges, that Defendants, and each of them, have committed copyright infringement with actual knowledge of Plaintiff's rights and blatant disregard for Plaintiff's rights.

25. Defendants have unlawfully reproduced, distributed, publicly displayed, and caused to be publicly displayed the Subject Images on Amazon without permission, consent, or license to sell their own version of the product depicted in the Subject Images.

26. Defendants' reproduction, distribution, and public display of the Subject Images, and derivatives thereof, was done with willful intent to deprive Plaintiff of its exclusive ownership in the Subject Images.

27. A comparison of the Subject Images (left images) and the Infringing Images (right images) is set forth below. It is apparent that the elements, composition, colors, arrangements, layouts, lighting, and general appearance of the images are substantially similar, except for the Defendants' product label photoshopped over Plaintiff's product label:

Subject Image 1




Infringing Image 1




Subject Image 2




Infringing Image 2



28. Defendants herein have sold products through Amazon while displaying Plaintiff's copyrighted Subject Images, all to the detriment of Plaintiff.

**FIRST CLAIM FOR RELIEF**

**(For Copyright Infringement – Against All Defendants Besides Bel Air Naturals Care Corp)**

29. The foregoing paragraphs are alleged herein and are incorporated herein by reference.

30. Art Naturals is the rights holder to the copyrights of the Photograph, which consists of material wholly original to Plaintiff and which constitute copyrightable subject matter under the laws of the United States.

31. Defendants have directly and vicariously infringed Plaintiff's copyright, and unless enjoined, will continue to infringe Art Naturals' copyright in the Subject Images by reproducing, displaying, distributing, and utilizing the Subject Images, and other copyrighted works of Plaintiff, for purposes of trade in violation of 17 U.S.C. § 501 *et seq*.

32. Defendants have willfully infringed, and unless enjoined will continue to infringe Art Naturals copyrights by knowingly and willfully reproducing, displaying, distributing, and utilizing the Subject Images, and other copyrighted works, exclusively owned by Plaintiff for purposes of trade.

33. Defendants had access to the Subject Images, including, without limitation, through Plaintiff's listings on Amazon, and through Plaintiff's own website www.artnaturals.com

34. Plaintiff is informed and believes and based thereon alleges, that Defendants willfully infringed Plaintiff's Subject Images by reproducing and publicly displaying the Subject Images with full knowledge that the Subject Images were owned by Plaintiff and that Plaintiff did not consent and would never agree to Defendants use of the Subject Images.

35. Due to Defendant's significant and willful acts of infringement, Defendants have harmed Plaintiff in an amount to be established at trial.

36. Defendants have received substantial benefits with the unauthorized reproduction, display, and utilization of the Subject Images, and other copyrighted works owned, exclusively by Plaintiff for purposes of trade, including by selling products through Amazon.

37. Due to Defendants' acts of copyright infringement alleged herein, Defendants have obtained direct and indirect profits they would not otherwise have obtained but for their infringement of the Subject Images. Therefore, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Images in an amount to be established at trial, or statutory damages if Plaintiff so elects.

38. All the foregoing acts of Defendants were and are without the authority of Plaintiff, and Plaintiff is the sole copyright owner of the Subject Images. At no time has Plaintiff ever consented, expressly or impliedly, to the use of the Subject Images by Defendants.

39. As a further direct and proximate result of Defendants', and each of their, acts of copyright infringement, Plaintiff has suffered general and special damages in an amount to be established at trial. Alternatively, Plaintiff may seek statutory damages for willful copyright infringement as provided by law. Furthermore, Plaintiff is entitled to its costs, including reasonable attorney's fees, pursuant to 17 U.S.C. §505, according to proof at trial.

## SECOND CLAIM FOR RELIEF

**(For Vicarious and Contributory Infringement – Against All Defendants Besides Bel Air Naturals Care Corp)**

40. The foregoing paragraphs are alleged herein and are incorporated herein by reference.

41. Plaintiff is informed and believes, and based thereon alleges, that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they supervised the infringing conduct and because they had a direct financial benefit from the infringing conduct by profiting from the sales of their products using the Subject Images.

42. Due to Defendants', and each of their acts alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as general and special damages in an amount to be established at trial.

43. Due to Defendants', and each of their acts alleged above, Defendants have obtained direct and indirect profits they would not otherwise have realized but for the infringement of the Subject Images. As such, Plaintiff is entitled to disgorgement of Defendants' profits in an amount to be established at trial.

44. Plaintiff is informed and believes, and based thereon alleges, that Defendants', and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional, and malicious. These acts further subject Defendants, and each of them, to additional liability under Section 504(c)(2) of the Copyright Act.

## THIRD CLAIM FOR RELIEF

**(For Misappropriation of Trade Secrets in Violation of the Defend Trade Secrets Act – Against all Defendants)**

45. The foregoing paragraphs are alleged herein and are incorporated herein by reference.

46. Art Naturals enjoys an advantage over its competitors based in large part on the trade secret information it has developed in the form its supplier's contact information and its pricing information.

47. Art Naturals has made reasonable efforts under the circumstances to preserve the confidential nature of its supplier lists, machine manufacturer

information, and its cost of goods. Art Naturals uses both technological security measures and physical security measures to prevent any unauthorized persons from gaining access to its confidential information.

48. Art Naturals' confidential information derives independent economic value from not being generally known to the public, and is not readily ascertainable through proper means by another person or company that can derive economic value from the disclosure of the information. Obtaining Art Naturals' confidential information has allowed the defendants, and each of them, to enrich themselves at the expense of Art Naturals hard work.

49. At no time did Art Naturals give express or implied consent to Defendants to use Art Naturals confidential trade secret information.

50. Plaintiff is informed and believes, and based thereon alleges, that Defendants, and each of them, obtained the trade secret information described above directly or indirectly from Art Naturals and not from generally available information or through Defendants' independent work or efforts.

51. Defendants' actions constitute willful misappropriation of Art Naturals' trade secrets under the Defend Trade Secrets Act. Plaintiff is informed and believes, and based thereon alleges, that Defendants, and each of them, obtained Art Naturals trade secret information knowingly, willfully, and deliberately all to the detriment of Art Naturals.

52. Defendants' misappropriation of Art Naturals' trade secrets, unless and until enjoined by order of this Court, will cause and continue to cause great and irreparable harm to Art Naturals.

53. Art Naturals has no adequate remedy at law for the injuries it is currently suffering because it is impossible to quantify the loss of business and status in dollars and cents.

54. In addition, as a direct and proximate cause of Defendants' misappropriation of Art Naturals' trade secrets, Defendants, and each of them,

have been unjustly enriched in an amount to be ascertained at trial, and Art Naturals has sustained, and will continue to sustain, actual damages in an amount to be proven at trial.

55. Each of the acts of misappropriation was done willfully and maliciously with the deliberate intent to injure Art Naturals' business and improve Defendants' own business and for their financial gain, thereby entitling Art Naturals to exemplary damages and attorneys' fees to be proved at trial.

**FOURTH CLAIM FOR RELIEF**

**(Unfair Competition – Against All Defendants)**

56. The foregoing paragraphs are alleged herein and are incorporated herein by reference.

57. Defendants have engaged in unlawful business acts and practices by committing acts of fraud, and misappropriation of trade secrets as alleged above, all in an effort to gain an unfair competitive advantage over Art Naturals.

58. These unlawful business acts and practices were committed pursuant to business activity related to sourcing goods and obtaining machinery.

59. The acts and conduct of Defendants constitute fraudulent, unlawful, and unfair competition as defined by California Business and Professions Code §§ 17200, *et seq.*

60. The conduct as alleged above constitutes violations of numerous state and federal statutes and codes, including, but not limited to, violation of the Federal Defend Trade Secrets Act (18 U.S.C. § 1832), and the California Uniform Trade Secrets Act (Cal. Civ. Code §§ 3426-3426.11

61. Defendant have improperly and unlawfully taken commercial advantage of Art Naturals confidential and proprietary information. Based on Defendant's conduct, it would be inequitable to allow Defendants to retain the benefits of the funds and sales obtained through the unlawful acts and practices.

62. Defendants' unfair business acts and practices have unjustly minimized Art Naturals' competitive advantage and have caused, and continue to cause, Art Naturals to suffer substantial monetary losses.

63. As a result of such unfair competition, Art Naturals has also suffered irreparable injury and, unless Defendants, and each of them, are enjoined from such unfair competition, will continue to suffer irreparable injury, to which Art Naturals has no adequate remedy at law.

64. Defendants should be compelled to disgorge and restore any and all revenues, earnings, commissions, profits, compensation, inventory, and benefits they have obtained, or may obtain, in violation of California Business and Professions Code §§ 17200, *et seq*., and should be enjoined from further unlawful, unfair, and fraudulent business practices. Defendants should be further ordered to return all information and materials taken from Art Naturals, and all copies of such, in their possession, custody, or control.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief against all defendants on all claims for relief:

a. For general damages to be proved at trial;

b. For punitive damages to be proved at trial for Defendants' willful and deliberate theft of Art Naturals trade secrets;

c. For disgorgement of all money obtained by Defendants as a result of their unlawful conduct;

d. That Defendants, and its officers, directors, agents, servants, attorneys, and employees and all other persons acting in concert with them be permanently enjoined from infringing Plaintiff's copyrights in any manner, including, but not limited to, the Subject Images;

e. That judgment be entered for Plaintiff against Defendants, and each of them, for actual damages in an amount to be proven at trial, or in the alternative for

statutory damages based upon Defendants', and each of their acts of willful copyright infringement pursuant to 17 U.S.C. §504(c), at Plaintiff's discretion, and for prejudgment and post judgment interest until the award is fully paid;

f. That judgment be entered that Defendants willfully and deliberately infringed Plaintiff's intellectual property rights, such that Plaintiff is entitled to enhanced statutory damages pursuant to 17 U.S.C. §504(c), if elected, and that this is an exceptional case entitling Plaintiff to enhanced damages under the Copyright Laws of the United States;

g. That Plaintiff be awarded its costs incurred in bringing this action;

h. That Plaintiff be awarded its attorney's fees; and

i. For such other and further relief as this Court may deem just and equitable under these circumstances.

Dated: July 13, 2017

Respectfully Submitted,

LAW OFFICE OF ARYEH KAUFMAN

By: *<u>/s/ Aryeh Kaufman</u>*
Aryeh Kaufman, Esq.
Attorney for Plaintiff
VIRGIN SCENT, INC d/b/a ART NATURALS

**DEMAND FOR JURY TRIAL**

Plaintiff Virgin Scent, Inc. d/b/a artnaturals hereby demands trial by jury as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: July 13, 2017

LAW OFFICE OF ARYEH KAUFMAN

By: *<u>/s/ Aryeh Kaufman</u>*

Aryeh Kaufman, Esq.
Attorney for Plaintiff
VIRGIN SCENT, INC d/b/a ART NATURALS